ELLIS, Judge.
This suit was originally brought against Cities Service Refining Corporation and the Hartford Accident and Indemnity Company, in tort, and in the alternative, under the Workmen’s Compensation Act, L.S.A.-R.S. 23:1021 et seq. Plaintiff abandoned his claim under the Workmen’s Compensation Act. An intervention was filed by the Travelers Insurance Company, Workmen’s Compensation insurer of M. W. Kellog Company, employer of plaintiff, seeking to recover compensation and medical expenses it paid plaintiff, employee.
The District Court rendered judgment in favor of the defendants, rejecting plaintiff’s demands at his cost, and dismissing the intervention of the Travelers Insurance Company at its cost.
From this judgment plaintiff has appealed only in so far as it dismissed his suit as against Cities Service Refining Corporation, abandoning his suit against Hartford Accident and Indemnity Company.
This cause has resolved itself into a simple action of tort wherein plaintiff is claiming damages in the amount of $28,-000, alleging he suffered these due to the negligence of an employee of the defendant, Cities Service Refining Corporation.
The defendant in answering alleged the negligence of an employee of the defend-on the pipe which was the proximate cause of the accident. On the date of the trial the defendant moved to amend his answer by inserting the word “contributing”, causing his answer then to read that this act of negligence on the part of the plaintiff “was the contributing cause of the accident”. The trial Court, over the objection by the plaintiff, allowed the amendment, upon the theory that it injected no new matter which would take plaintiff by surprise, nor would it change the issues.
We note that Article 24 of defendant’s answer is pled in the alternative, and only in the event the court should find the defendant guilty of some negligence, which-negligence is denied, then in that event it pleads that plaintiff was negligent in cer *458 tain particulars which negligence was the proximate cause of the negligence. We seriously doubt that such a pleading was not sufficient to charge contributory negligence. It has been held that the form and verbiage is not sacramental. It is the meaning to be derived from the language used rather than the verbiage. In other words the use of the word “contributory” or contributing is not sacramental. The supplemental petition only clarified the pleading. It has been alleged that the word “contributing” was erroneously omitted from the original answer; such is self evident. It has been decided that plaintiff may amend his petition to correct clerical errors and to simplify and explain his allegations. The same rule applies to defendant in regard to his answer. Discretion is rested in the trial judge as to whether he should allow or disallow a supplemental petition or answer. The trial judge did not abuse his discretion in this instance.
Almost the identical question was presented to us in the case of Matlock v. State, La.App., 4 So.2d 90, wherein we ruled that the trial judge had not abused his discretion in allowing the defendant to file a supplemental answer pleading contributory negligence prior to trial. In that case, there was no averment in the alternative as in this case. That case is weaker than the present one.
The ruling of the trial Judge was correct.
Plaintiff while working as a pipe fitter foreman for the Kellog Construction Company, on the property of the defendant, was supervising the connection of certain pipe lines, and while so employed his crew placed a fifty-five foot length of pipe on the ground across a driveway or road. An employee of the defendant, driving a truck belonging to the defendant, backed down the road and attempted to cross the pipe. The rear wheels of the truck crossed the pipe but the front wheels would not cross due to the fact that the pipe rolled when the wheels came in contact with it. The truck driver drove forward when he was unable to cause the front wheels of the truck to cross the pipe, until the back wheels were touching the pipe, when he again reversed the truck, and attempted to cross. In the meantime, plaintiff had come close to the right hand rear side of the truck and placed his foot against this pipe, and, when the front wheels struck the pipe, it caused the pipe to jump and it fell on plaintiff’s foot, causing injuries which are the basis of his claim.
Plaintiff contends that he motioned the driver to come back slowly and that instead of doing this he backed at an excessive speed which caused the pipe to fall on his foot. Although most of plaintiff’s witnesses testified that no one was in the truck with the driver, it is clearly established that he had a helper sitting to his right in the truck. It is also established that the driver did not see the plaintiff, and even if he had seen the plaintiff he could not have seen that he had his foot on the pipe. It is further clearly established that plaintiff’s assistance was not sought and plaintiff voluntarily left a safe place and without notice to the driver placed his foot upon the pipe which was fifty-five or sixty feet in length. It is further shown that the road was “crowned” being higher in the middle than on the sides.
As to plaintiff’s claim that the driver backed -at an excessive speed, it is shown that the truck was approximately thirteen feet in length between the front and rear wheels. It would not be possible for the driver to get up too much speed in this distance. The jumping of the pipe was not caused by excessive speed but was the natural consequence to be expected when the front wheels struck it. The plaintiff was not seen by either the driver or his helper. When they last saw him, he was at a place of safety.
Plaintiff at best was a simple volunteer and cannot recover unless he could establish that the driver of the truck was guilty of gross negligence by willfulness or wantonness.
A statement of the duty owed, in such cases, is expressed in 65 C.J.S., Negligence, § 62, page 554, as follows: “One who is engaged in work or an operation owes to another who undertakes to assist him as a mere volunteer, without invita *459 tion and without contractual relationship, no duty of ordinary care, and is not liable for any injury received by such volunteer unless guilty of gross negligence, willfulness or wantonness.”
This doctrine has been followed in Louisiana jurisprudence as exemplified in the case of Holmes v. Crowell & Spencer Lumber Company, 51 La.Ann. 352, 25 So. 265, wherein a minor was injured when he left the tender of a locomotive and started into the cab of the engine 'by treading upon a defective step. The Court, in denying damages, said, 25 So. on page 268: “He left a place of safety, and without any necessity, and in the discharge of no duty, attempted to board a moving engine. The defendant company is not responsible for the consequences of that act. There were no contractual relations of any kind at that time between the parties.”
 It is beyond doubt the truck driver had no intention to injure the plaintiff, nor can we find any gross negligence, willfulness or wantonness in his actions toward plaintiff. No excessive or unreasonable speed, or any other act of negligence, has been shown by the evidence upon the part of defendant’s employee. On the contrary, it seems clear plaintiff placed himself in a dangerous position, voluntarily, without the knowledge of the truck driver, and consequently, his own negligence was the proximate cause of his injuries.
For the above reasons the judgment of the District Court is affirmed.